**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

FILED
JUL 13 2026
CLERK, US DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

5:24 cr 372-1

**UNITED STATES OF AMERICA,**
Plaintiff,
v.
**SEDALE JACKSON,**
Defendant.

**Case No.:** 5:24cr37202
**Judge:** Hon. Dan Aaron Polster

**DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA**

## PRELIMINARY STATEMENT

Defendant Sedale Jackson, appearing *pro se*, respectfully moves this Court, pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), for leave to withdraw his guilty plea entered in the above-captioned matter. This motion is filed prior to sentencing and is supported by substantial constitutional and procedural grounds that establish a "fair and just reason" for withdrawal.

Mr. Jackson's guilty plea was not the product of a free, knowing, and voluntary choice. Rather, it was the direct result of constitutionally deficient conduct by defense counsel: (1) counsel coerced Mr. Jackson into signing the plea agreement by telling him that refusing to sign would anger the Court and result in a harsher sentence, and (2) counsel failed to adequately explain the nature of the charges against him, their elements, or the full range of sentencing consequences he faced. Stripped of these constitutional prerequisites, Mr. Jackson's plea cannot stand.

As the Supreme Court has recognized, a guilty plea "is more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered without a trial," and that consent must be "voluntary" and "knowing." *Brady v. United States*, 397 U.S. 742, 748 (1970).

Because Mr. Jackson's plea was secured through coercive misrepresentations about judicial displeasure and through the failure to furnish him with the information necessary to make a reasoned decision, it satisfies neither requirement. This Court should permit withdrawal and restore Mr. Jackson's constitutional right to trial.

---

## STATEMENT OF FACTS

### A. Background and Charges

Mr. Sedale Jackson is the defendant in the above-captioned federal criminal matter before this Court, bearing Case Number 5:24cr37202. At all relevant times, Mr. Jackson was represented by appointed defense counsel in connection with the charges brought against him by the United States Government.

Prior to the entry of his guilty plea, Mr. Jackson had limited formal education and no prior experience navigating the federal criminal justice system. He was wholly dependent upon his attorney to explain the charges, the consequences of a guilty plea, the available defenses, and the risks and benefits of proceeding to trial versus accepting a negotiated resolution.

### B. Counsel's Coercive Statements

In the period immediately preceding the plea hearing, defense counsel met with Mr. Jackson to discuss the plea agreement tendered by the Government. During that meeting, Mr. Jackson expressed serious reservations about signing the agreement. He was not comfortable with the terms, did not fully understand what he was agreeing to, and wanted to consider his options further or proceed to trial.

Rather than counseling Mr. Jackson evenhandedly about his rights and the relative merits of each available course of action, defense counsel told Mr. Jackson, in substance, that if he refused to sign the plea agreement, the judge would be upset or angered, and that such displeasure would directly result in a harsher sentence. Counsel impressed upon Mr. Jackson that declining to accept the Government's offer would be viewed negatively by the Court and that Mr. Jackson would pay a significant price at sentencing as a consequence of that refusal.

These statements were inaccurate, improper, and coercive. A defendant's decision to exercise his constitutional right to trial, or to decline a plea offer, is legally irrelevant to the sentence a court may impose. No judge may punish a defendant for exercising his right to a trial. Defense counsel's characterization of the judge's anticipated reaction was designed to—and did—frighten Mr. Jackson into signing the agreement, overcoming his free will and informed judgment.

Because of these statements, Mr. Jackson signed the plea agreement not out of a genuine desire to accept responsibility and plead guilty, but out of fear that exercising his rights would result in judicial retaliation. His signature under those circumstances cannot constitute the voluntary, knowing, and intelligent plea required by due process.

**C. Counsel's Failure to Explain the Charges and Sentencing Exposure**

Beyond the coercive statements regarding judicial displeasure, defense counsel also failed to provide Mr. Jackson with adequate explanations of (a) the nature and elements of the charges to which he was pleading guilty, and (b) the sentencing consequences he faced, including the applicable Guidelines range, mandatory minimums, maximum statutory penalties, and the collateral consequences of conviction.

Mr. Jackson did not understand what the Government was required to prove to establish the charged offenses at trial. He did not understand the legal elements of the charges. He did not

understand what rights he was waiving by pleading guilty, including his right to confront witnesses, his right to a jury of his peers, and his right to require the Government to prove its case beyond a reasonable doubt. He did not understand the full spectrum of punishment he might face upon conviction.

Mr. Jackson was thus denied the information essential to an autonomous and rational decision. He entered the plea proceeding without the foundational knowledge that the Sixth Amendment and due process require counsel to convey. Had he received competent advice—accurate, complete, and free from coercive distortion—he would not have pleaded guilty and would instead have exercised his right to trial.

---

## LEGAL STANDARD

### A. Rule 11(d)(2)(B) – Withdrawal Before Sentencing

Federal Rule of Criminal Procedure 11(d)(2)(B) provides that a defendant may withdraw a guilty plea after the court accepts the plea but before imposition of sentence if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). This standard is "fairly liberal." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996).

Although the defendant bears the burden of establishing a fair and just reason, that burden is not onerous. A defendant need not demonstrate legal innocence to obtain withdrawal; rather, he must offer some plausible reason that the interests of justice weigh in favor of permitting him to withdraw the plea. *United States v. Mader*, 251 F.3d 1099, 1105 (6th Cir. 2001). Undue delay before sentencing and absence of prejudice to the Government weigh in favor of granting withdrawal.

### B. The Sixth Circuit Seven-Factor Test

In evaluating a motion to withdraw a guilty plea, the Sixth Circuit applies a seven-factor balancing test. Courts assess: (1) the amount of time that elapsed between the plea and the motion to withdraw; (2) the presence or absence of a legitimate reason for the failure to move for withdrawal earlier; (3) whether the defendant has asserted a claim of innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion is granted. *Bazzi*, 94 F.3d at 1027; *Mader*, 251 F.3d at 1105.

No single factor is determinative; all must be weighed against each other. *Mader*, 251 F.3d at 1105. As demonstrated below, the balance of factors weighs heavily in Mr. Jackson's favor.

### C. Voluntariness and the Fifth Amendment

A guilty plea must be "voluntary" in the constitutional sense — it must be "the expression of the defendant's own free choice." *Brady v. United States*, 397 U.S. 742, 750 (1970). A plea induced by threats, improper promises, or misrepresentations violates the Due Process Clause of the Fifth Amendment. *Machibroda v. United States*, 368 U.S. 487, 493 (1962). A plea obtained through the coercive conduct of defense counsel can render the plea as involuntary as one procured by direct government coercion. *Brady*, 397 U.S. at 750.

### D. Ineffective Assistance of Counsel Standard

To establish a Sixth Amendment claim of ineffective assistance of counsel, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) but for the deficient performance, there is a reasonable probability the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). In the guilty plea context, the prejudice

prong requires a showing that, absent counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The Supreme Court has further confirmed that the Sixth Amendment applies with full force to the plea-bargaining process. *Missouri v. Frye*, 566 U.S. 134, 143 (2012); *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). Counsel's failure to accurately convey information about charges, defenses, or sentencing exposure constitutes deficient performance. *Frye*, 566 U.S. at 145.

---

## ARGUMENT

### I. THE GUILTY PLEA MUST BE WITHDRAWN BECAUSE DEFENSE COUNSEL'S COERCIVE STATEMENTS RENDERED IT INVOLUNTARY UNDER THE DUE PROCESS CLAUSE.

The Due Process Clause of the Fifth Amendment demands that a guilty plea be entirely free from coercion. *Brady*, 397 U.S. at 750. A plea that is the product of misrepresentations by counsel—particularly misrepresentations about the consequences of exercising constitutional rights—is not voluntary in the constitutional sense. *Machibroda*, 368 U.S. at 493. Courts have consistently recognized that coercive pressure from one's own attorney can render a plea as constitutionally defective as one procured through government compulsion.

Here, defense counsel told Mr. Jackson that the presiding judge would be "upset" or "angry" if Mr. Jackson refused to sign the plea agreement, and that this judicial displeasure would translate into a harsher sentence. This representation was false and constituted improper coercion. The law is clear that no defendant may be punished for exercising his constitutional right to proceed to trial. *United States v. Jackson*, 390 U.S. 570, 581 (1968) (the Constitution prohibits penalizing a

defendant for exercising the right to jury trial). A judge's subjective reaction to a defendant's exercise of his rights is legally irrelevant to sentencing, and any suggestion otherwise by counsel constitutes a material misrepresentation about the consequences of declining a plea.

The impact of counsel's coercive statements on Mr. Jackson's decision cannot be overstated. Prior to that meeting, Mr. Jackson had explicitly expressed reservations about signing the agreement. He wanted to consider his options. It was only after being told—falsely—that the judge would respond punitively to a rejection that Mr. Jackson relented and signed. The plea was not the product of an autonomous, rational decision; it was the product of fear manufactured by inaccurate legal advice.

The voluntariness inquiry focuses on whether the defendant's will was overborne at the time the plea was entered. *Brady*, 397 U.S. at 750. On the facts presented here, the answer is unambiguously yes. Mr. Jackson's will was overborne by counsel's false warning of judicial retaliation. A plea obtained under these circumstances does not satisfy constitutional requirements and must be set aside. Withdrawal is the only adequate remedy.

## II. DEFENSE COUNSEL RENDERED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE BY FAILING TO ADEQUATELY EXPLAIN THE CHARGES AND SENTENCING CONSEQUENCES.

Independent of the voluntariness ground, Mr. Jackson is entitled to withdraw his plea because defense counsel's representation fell below the constitutional floor established by *Strickland v. Washington*, 466 U.S. 668 (1984), and its progeny.

### A. Deficient Performance

The Sixth Amendment imposes on defense counsel the obligation to provide competent advice to assist the client in making critical decisions in the criminal proceeding. *Strickland*, 466 U.S. at

688. That obligation is especially acute in the plea context, where the defendant must make a fully informed, knowing choice about whether to resolve the case through negotiation or exercise the right to trial. *Frye*, 566 U.S. at 143-44.

Competent representation in the plea context requires, at a minimum, that counsel: (1) explain the nature and elements of each charged offense; (2) advise the defendant of the maximum statutory sentence for each charge; (3) discuss the applicable Sentencing Guidelines range; (4) explain any mandatory minimum terms of imprisonment; (5) inform the defendant of the rights he will be waiving by pleading guilty; and (6) provide a balanced and honest assessment of the strength of the Government's case and the prospects of a successful defense at trial.

Here, defense counsel failed to satisfy any of these obligations. Mr. Jackson did not receive an explanation of the legal elements of the offenses. He did not understand what the Government was required to prove at trial. He was not informed of his maximum sentencing exposure or how the Sentencing Guidelines might apply to his case. He was not advised of the constitutional rights he was forfeiting. He was not given the tools necessary to make a rational, autonomous choice. This failure constitutes deficient performance under *Strickland*. The gap between what counsel was required to do and what counsel actually did is not a matter of strategic choice—it is a fundamental abdication of the duty to counsel.

**B. Prejudice**

To establish prejudice in the plea context, Mr. Jackson need only demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59. That standard is met here.

Mr. Jackson's decision to plead guilty was based not on a fully informed assessment of his situation, but on incomplete and misleading information provided by counsel. Had Mr. Jackson

been properly advised of the charges, the elements the Government would be required to prove, and the full range of sentencing consequences, there is a reasonable probability he would have evaluated his situation differently and would have insisted on proceeding to trial. The coercive overlay—counsel's false warnings about judicial anger—compounded this prejudice by removing the final check against the decision, namely Mr. Jackson's own reluctance to sign.

The Supreme Court in *Lafler v. Cooper* recognized that "[i]n the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." 566 U.S. at 163. Here, competent advice would have revealed that Mr. Jackson did not have a full understanding of the charges or the consequences—information that, if properly conveyed, might well have led him to reject the plea and proceed to trial. The prejudice prong is satisfied.

## III. APPLICATION OF THE SIXTH CIRCUIT'S SEVEN-FACTOR TEST WEIGHS IN FAVOR OF WITHDRAWAL.

Even setting aside the constitutional defects addressed above, the Sixth Circuit's seven-factor balancing test independently supports granting withdrawal. *Bazzi*, 94 F.3d at 1027; *Mader*, 251 F.3d at 1105. An analysis of each factor follows.

### Factor 1: Timeliness of the Motion

This motion is filed prior to sentencing, well within the window contemplated by Rule 11(d)(2)(B). Mr. Jackson raised his concerns about counsel's conduct as soon as he understood that the advice he had received was constitutionally inadequate and that he had viable grounds for seeking withdrawal. Cf. *Mader*, 251 F.3d at 1105 (timeliness evaluated against background of when defendant understood the basis for withdrawal). This factor weighs in Mr. Jackson's favor.

### Factor 2: Reason for Not Moving Earlier

Mr. Jackson did not move earlier because, as a pro se defendant without legal training, he did not fully appreciate that counsel's statements and omissions constituted legally cognizable grounds for withdrawal. The gap in time between entry of the plea and this motion is attributable to Mr. Jackson's lack of legal sophistication and not to any tactical manipulation or bad faith. A court should not penalize an unrepresented layperson for the delay attributable to his unfamiliarity with federal procedure. This factor does not weigh against Mr. Jackson.

**Factor 3: Assertion of Innocence**

Mr. Jackson maintains that his guilty plea was not a genuine acknowledgment of guilt but a product of coercion and inadequate counsel. He asserts that, properly advised and free from improper pressure, he would not have admitted guilt. Although assertion of factual innocence is not required under Rule 11(d)(2)(B), Mr. Jackson's refusal to accept the plea as an accurate reflection of his culpability reinforces the need for withdrawal. This factor is neutral to slightly favorable.

**Factor 4: Circumstances Underlying Entry of the Plea**

The circumstances of the plea are themselves the most compelling argument for withdrawal. As detailed in the Statement of Facts and in Sections I and II above, Mr. Jackson was told by his own attorney that the judge would be angered by a refusal to plead and that this anger would produce a harsher sentence. He was not given accurate information about the charges or the sentencing exposure. These are not ordinary circumstances; they are the hallmarks of a constitutionally defective plea. This factor weighs heavily in Mr. Jackson's favor.

**Factor 5: Nature and Extent of Plea Proceedings**

While a Rule 11 colloquy may have taken place at the time of the plea hearing, the record of that proceeding cannot fully capture the coercive pre-hearing communications between Mr. Jackson

and his attorney, nor can it substitute for the substantive explanation of charges and consequences that counsel failed to provide. The formal question-and-answer format of a Rule 11 hearing, particularly when a defendant is unrepresented by effective counsel or is subject to coercive pressure, does not guarantee the quality of the underlying decision. *Boykin v. Alabama*, 395 U.S. 238, 243-44 (1969). This factor does not independently defeat withdrawal.

**Factor 6: Defendant's Nature and Background**

Mr. Jackson is a layperson with limited formal education and no prior meaningful experience in the federal criminal justice system. He was entirely reliant on defense counsel to guide him through a complex and high-stakes process. His background made him uniquely vulnerable to the type of misrepresentation employed by counsel. Courts in the Sixth Circuit have recognized that a defendant's lack of sophistication and dependence on counsel are relevant to the voluntariness and knowing character of a plea. This factor weighs in Mr. Jackson's favor.

**Factor 7: Potential Prejudice to the Government**

The Government will suffer no material prejudice if this Court grants the motion. This case has not yet proceeded to sentencing. The Government's evidence, witnesses, and case materials remain available and unaffected. No trial date has passed. The expenditure of prosecutorial resources in securing a plea agreement does not constitute "prejudice" sufficient to overcome a defendant's constitutional and procedural right to withdraw a coerced and uninformed plea. *United States v. Hyde*, 520 U.S. 670, 671 (1997) (noting the pre-sentencing withdrawal standard is more liberal than post-sentencing standard). This factor weighs in Mr. Jackson's favor.

**Summary of Factor Analysis**

Six of the seven factors either weigh in Mr. Jackson's favor or are neutral. The singular and extraordinary circumstances underlying the entry of the plea—coercion by defense counsel and a complete failure of constitutionally required advice—establish not merely a "fair and just reason" under Rule 11(d)(2)(B), but a compelling constitutional case for withdrawal. The Court should permit Mr. Jackson to withdraw his guilty plea.

## IV. THE GUILTY PLEA WAS NOT MADE KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY AND THEREFORE CANNOT STAND UNDER BOYKIN v. ALABAMA AND RULE 11.

A guilty plea is constitutionally valid only if it is entered knowingly, voluntarily, and intelligently. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). These requirements serve as a check against the surrender of fundamental constitutional rights—including the rights to a jury trial, to confront witnesses, and to remain silent—without adequate understanding or genuine consent.

Federal Rule of Criminal Procedure 11 codifies these constitutional requirements by mandating that, before accepting a guilty plea, the Court address the defendant personally in open court to ensure that the plea is voluntary and that the defendant understands: (1) the nature of the charge; (2) the maximum and minimum penalty; (3) the rights being waived; and (4) that the Court is not bound by any sentencing recommendation. Fed. R. Crim. P. 11(b). While a Rule 11 colloquy creates a record that courts afford weight, it does not immunize a plea from attack when the defendant's attorney has undermined the knowing and voluntary character of the plea through coercion or material misrepresentation. *Brady*, 397 U.S. at 750 n.9.

For a plea to be "knowing," the defendant must have a full understanding of what the plea connotes and its consequences. *Boykin*, 395 U.S. at 244. Mr. Jackson lacked that understanding. He did not know the elements of the charges. He did not understand his maximum sentencing exposure. He

did not understand the rights he was surrendering. Information that counsel failed to provide cannot be supplied after the fact by the formal record of the plea hearing. The knowing requirement demands substantive comprehension, not mere recitation of responses in a scripted courtroom exchange.

For a plea to be "voluntary," it must be "the expression of the defendant's own free choice." *Brady*, 397 U.S. at 750. Mr. Jackson's plea was not. It was the product of his attorney's false warning that judicial displeasure would result in a harsher sentence. Faced with that warning, Mr. Jackson could not make a free choice—his only options, as framed by counsel, were to sign and receive a predictable outcome or refuse and be punished by the Court. The constitutional guarantee of voluntariness cannot be satisfied under those conditions.

The "intelligent" prong requires that the defendant make his choice with the advice of competent counsel. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). A plea entered on the basis of counsel's coercive misrepresentations and critical omissions is not the product of competent advice. The intelligent prong, like the knowing and voluntary prongs, remains unsatisfied.

Because the plea was not knowing, voluntary, or intelligent within the meaning of *Boykin* and Rule 11, it violates Mr. Jackson's Fifth and Sixth Amendment rights. Withdrawal is required to restore Mr. Jackson to the constitutional position he would have occupied had his rights been respected.

---

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant Sedale Jackson respectfully requests that this Honorable Court:

1. Grant this Motion to Withdraw Guilty Plea;
2. Schedule an evidentiary hearing at which Mr. Jackson may present testimony and evidence in support of the grounds set forth herein;

3. Upon withdrawal of the guilty plea, restore Mr. Jackson to his pre-plea status and set this matter for trial; and

4. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Sedale Jackson

**Sedale Jackson, Pro Se**
Address: 2240 Hubbard Rd.
Youngstown, Ohio 44505
Phone: ______
Date: 7/3/2026

---

**CERTIFICATE OF SERVICE**

I, Sedale Jackson, hereby certify that on this 3rd day of July, 2026, I caused a true and correct copy of the foregoing Defendant's Motion to Withdraw Guilty Plea to be served upon the following parties by placing the same in the United States mail, first-class postage prepaid, or by such other method of service as may be available to a pro se defendant:

**United States Attorney's Office**
Northern District of Ohio
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113

Sedale Jackson

**Sedale Jackson, Pro Se**